## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

UNITED STATES OF AMERICA,

v.

BRANDY MCNAIRY, et al.

Case No. 15-CR-710-2

Judge John Robert Blakey

## <u>MEMORANDUM OPINION AND ORDER</u>

Pursuant to 18 U.S.C. § 3582(c)(1)(A), Defendant Brandy McNairy has moved for an order granting her a compassionate release [143], [160], [161], and to withdraw her prior defense attorney's appearance [164]. For the reasons explained below, this Court denies Defendant's motions for an order granting her a compassionate release [143], [160], [161], and denies as moot her motion to withdraw her prior defense attorney's appearance [164].

## I.     Procedural Background

On December 21, 2017, Defendant pled guilty to Count One of the superseding indictment, which charged her with a conspiracy to willfully engage in the business of dealing firearms, in violation of 18 U.S.C. § 922(a)(1)(A), and to willfully transfer, sell, trade, give, transport, and deliver firearms to persons who Defendant and her co-defendant knew or had reasonable cause to believe were not residents of the state in which the transferor resides, in violation of 18 U.S.C. § 922(a)(5), all in violation of 18 U.S.C. § 371. [36]; [109].

On May 30, 2018, the Court granted Defendant's motion for downward variance and sentenced her to 18 months' imprisonment [129], with an extended surrender date in March 2021. From January 2021 to June 2021, the Court also granted multiple agreed motions to extend Defendant's surrender date, so she could get her affairs in order [134] [136].

On November 3, 2021, Defendant filed another motion to extend her surrender date, this time without the Government's agreement. [137]. On November 17, 2021, while that motion [137] remained pending, Pretrial Services filed a violation report based upon Defendant's failures to report as directed or to participate in services, [139]. On November 18, 2021, the Court denied Defendant's request to continue her surrender date further and set the final surrender date to December 15, 2021, [140].

On May 3, 2022, Defendant filed her first motion for an order granting her compassionate release [143]. While this motion remained pending, on August 10, 2022 she was released from federal custody to a Residential Reentry Center in Chicago, and then released to home confinement on September 6, 2022. [162] at 5–6. On October 29, 2022, however, she was charged in the Circuit Court of Cook County with simple assault for allegedly assaulting someone while staying at the Residential Reentry Center. *See People v. Brandy McNairy*, 22 DV 7489201. Defendant was detained in Cook County Jail until a later dismissal of the case on December 8, 2022, at which time she re-entered federal custody at the Metropolitan Correctional Center (MCC) to complete her term of imprisonment, with a projected

release date of May 11, 2023. [162] at 6 (relying on BOP records current as of January 24, 2023).

In January 2023, Defendant filed supplemental motions for a release order [160], [161], which the Government opposes, [162]. On February 6, 2023, Defendant also filed a motion to withdraw her prior defense attorney's appearance [164].

For the reasons explained below, the Court finds that Defendant's motions for an order granting her a compassionate release [143], [160], [161] lack merit, and her motion to withdraw her prior defense attorney's appearance [164] is moot.

## II. Legal Analysis

Plaintiff seeks a sentence reduction pursuant to 18 U.SC. § 3582(c)(1)(A), which provides that:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i)    extraordinary and compelling reasons warrant such a reduction; or
>
> (ii)    the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Direct of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent

3

with applicable policy statements issued by the Sentencing Commission.

The parties agree that Defendant complied with § 3582(c)(1)(A)'s exhaustion requirement. [162] at 11.[1]  The Court finds, however, that Defendant has failed to establish "extraordinary and compelling reasons" for her release, nor has she shown sufficient cause for a sentence reduction based upon the factors set forth in 18 U.S.C. § 3553(a).

### A.      Failure to Show Extraordinary and Compelling Reasons

A district court should use a two-step process to evaluate a request for a discretionary sentencing reduction under § 3582(c)(1)(A):

> At step one, the prisoner must identify an "extraordinary and compelling" reason warranting a sentence reduction.... Upon a finding that the prisoner has supplied such a reason, the second step of the analysis requires the district court, in exercising the discretion conferred by the compassionate release statute, to consider any applicable sentencing factors in § 3553(a) as part of determining what sentencing reduction to award the prisoner.

*United States v. Thacker*, 4 F.4th 569, 576 (7th Cir. 2021).  Defendants seeking compassionate release bear the burden of establishing extraordinary and compelling reasons. *See United States v. Manning*, 5 F.4th 803, 807 (7th Cir. 2021).

This two-step process comports with the Sentencing Commission's policy statement with respect to § 3582(c)(1)(A), which states that a court may reduce a term of imprisonment, after considering the § 3553(a) factors, if three criteria are met: (1)

---

[1] As noted above, § 3582(c)(1)(A) provides that a court upon "motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or the "lapse of 30 days from the receipt of such a request" by the warden, "may reduce" the term of imprisonment.  On March 4, 2022, Defendant submitted an administrative request to BOP for compassionate release, which was denied on March 15, 2022. [143] at 7.  Defendant has therefore complied with the statute's exhaustion requirement.

"extraordinary and compelling reasons warrant the reduction"; (2) the "defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)"; and (3) the reduction is otherwise consistent with the factors set forth in 18 U.S.C. § 3553. U.S. Sentencing Guideline Manual § 1B1.13 (hereinafter, "U.S.S.G. § 1B1.13).

The Sentencing Commission's policy statements also provide further guidance concerning the "extraordinary and compelling reasons" that might arise under § 3582(c)(1)(A)(i). *See* 28 U.S.C. § 994(t); *United States v. Peoples*, 41 F.4th 837, 842 (7th Cir. 2022). Application Note 1 to U.S.S.G. § 1B1.13, for example, describes that a sentence reduction might be appropriate if:

> 1. The defendant suffers from a "terminal illness" or her physical or mental condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."
>
> 2. The defendant is at least 65 years old, is experiencing a serious deterioration in physical or mental health because of the aging process, and has served the lesser of 10 years or 75 percent of the term of imprisonment.
>
> 3. The defendant's family circumstances include either the death or incapacitation of the caregiver of the defendant's minor child or minor children, or the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> 4. "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)."

U.S.S.G. § 1B1.13, cmt. n. 1(A)–(D).

At the time that the Sentencing Commission issued the § 1B1.13 policy statements, 18 U.S.C. § 3582(c)(1)(A) only permitted compassionate release based on a motion by the Bureau of Prisons. Section 603(b) of the First Step Act of 2018 amended § 3582(c)(1)(A) to permit a defendant to bring the motion after exhausting efforts through the Bureau of Prisons, but the Sentencing Commission has not yet modified its § 1B1.13 policy statements to reflect the change. *See United States v. Gunn*, 980 F.3d 1178 (7th Cir. 2020). Because of this gap, the Seventh Circuit holds that "the Guidelines Manual lacks an 'applicable' policy statement covering prisoner-initiated applications for compassionate release" and district courts remain free to consider prisoners' motions for a sentence reduction on grounds other than the categories of extraordinary and compelling reasons listed in § 1B1.13. *Id.* at 1181. Nonetheless, the "substantive aspects of the Sentencing Commission's analysis in §1B1.13 and its Application Notes" still "provide a working definition of 'extraordinary and compelling reasons'" and "a judge who strikes off on a different path risks an appellate holding that judicial discretion has been abused." *Id.* Given this ruling, U.S.S.G. § 1B1.13 remains highly instructive (although not exhaustive) in determining whether Defendant has established "extraordinary and compelling reasons" for a sentencing reduction pursuant to § 3582(c)(1)(A)(i).

Here, Defendant seeks a reduction in sentence because her mother, who is her children's current caregiver, suffers from several health conditions. [143]; [160]; [161]. Under U.S.S.G § 1B1.13, the "working definition" of "extraordinary and compelling reasons" contemplates the death or incapacitation of the caregiver of a

defendant's minor child, *Gunn*, 980 F.3d at 1180. Although Defendant points to her mother's various medical conditions, she fails to establish that her mother has become incapacitated from these medical conditions, and conclusory statements to the contrary remain unsupported by the record. Indeed, based upon the medical records Defendant submitted and a letter that Defendant's mother submitted on March 7, 2022, Defendant's mother continues to care for the children despite her health issues. [143] at 8, 18–22.

Moreover, Defendant has not shown that her mother remains the only available caretaker for her children, nor has she identified any attempts to find an alternative caregiver. Notably, two of Defendant's children are now adults (and at least one of them has a child as well), and Defendant's motion provides no basis to conclude that Defendant's adult children could not care for Defendant's minor children or assist Defendant's mother in caring for them.

In short, the circumstances that Defendant presented, while unfortunate, do not constitute "extraordinary and compelling reasons" to consider a sentencing reduction under § 3582(c)(1)(A)(i). Defendant bears the burden to establish an "extraordinary and compelling" reason for a sentence reduction. *Manning*, 5 F.4th at 807. Because she has not met her burden, she remains ineligible for relief under § 3852(c)(1)(A)(i); 28 U.S.C. § 994(t).[2]

---

[2] Defendant is not at least 70 years old and has not served 30 years in prison, so she is also ineligible for relief under 18 U.S.C. § 3852(c)(1)(A)(ii).

### B.     Failure to Warrant Relief Under § 3553(a) Factors

Even if Defendant did show an extraordinary and compelling reason for a sentence reduction, the law also requires her to establish that a sentence reduction remains consistent with the sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant has failed to do so. To the contrary, the Court finds that the § 3553(a) factors counsel against her requested relief.

In this case, Defendant participated in an unlawful and years-long scheme to traffic an extraordinary number of firearms to individuals who she knew would use them in narcotics trafficking. Nevertheless, this Court, after considering her personal circumstances and the arguments of her counsel, gave Defendant a below-Guidelines sentence of 18 months. A further reduction now (from an already reduced original sentence) would result in a sentence that is grossly inadequate to reflect the seriousness of the offense, promote respect for the law, and provide just punishment. These remains especially true here where Defendant's risk of recidivism is high, and her conclusory claims of rehabilitation fall flat, finding no support in the record. *See* Pretrial Services Violation Report [139]; *People v. Brandy McNairy*, 22 DV 7489201. Even if Defendant has shown some efforts at rehabilitation, this does not provide a basis for a sentencing reduction in her case.

Based upon a review of the entire record, the Court finds that a sentence reduction would be inconsistent with the relevant § 3553(a) factors.

## III.    Conclusion

Based upon the above, this Court denies Defendant's motions for an order granting her companionate release [143], [160], [161], and denies as moot her motion to withdraw her prior defense attorney's appearance [164].

Date:  February 15, 2023

ENTERED:

John Robert Blakey
United States District Judge